Colcock, J.
delivered the opinion of the Court.
In this case, we concur with the Chancellor in the result of his decree ; for we are perfectly satisfied, that it is not a case which comes within the meaning of “ a sale at auction.” It is a misapplication of terms, to call the sale in this case a public sale; or to suppose that the mere private agents of a man, appointed to sell his property, should be considered as auctioneers, in the legal sense of that word.
But we wish to be distinctly understood, as not concurring with the Chancellor, in the suggestions which he has thrown out, on the doctrine of sales at auction, as regards land. I do not mean to,intimate that there is any want of force in them. They are entitled to the highest consideration, as coming from him, and are cogent in themselves ; but I consider the question as at rest. -It has been decided by both our Courts of Law and Equity.
I have often regretted that any departure was made from the statute, because I think, that as to all sales its provisions might, by a proper arrangement, have been literally complied with, without any impediment to the conduct of sales. But as the words of the statute are the same as to both personal and real property, I confess the ab *126 surdity of a different construction of them, when applied to different jlaj gt.eat weight with me. Nor is it lessened by the recollection, that we are still guilty of alike absurdity on another subject. So far from its furnishing any reason why we should persevere in the decision, that the same words in a will may create a good limitation over as to one kind of property, and a void one as to the other L _ J .... kind, I think it should lead us to discard the absurdity m the latter, as we have done in the former case.
vidc Mazyck v. Vaiideriiorst, ante,
Having once left the statute, why should this feudal distinction be adhered to1? Why all this legal form and paiade as to land, when we know it often happens, that a bale of goods, sold by an auctioneer with little ceremony, and perhaps in ten minutes, is oftentimes of more value than half of the farms in the country. A bale of broad cloths, or a box of linens, will oftentimes sell for more money than would be sufficient to buy two thousand acres of g'ood land. My only object, however, in these remarks, is to avoid any misunderstanding as to our views of the general doctrine. The motion is dismissed, and the decree affirmed.
Johnson, J. and Evans, J. concurred.

Decree affirmed.